## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEDRICK LEMONT HICKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-1291-R** |
| | ) | |
| **OKLAHOMA COUNTY** | ) | |
| **DETENTION CENTER, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff Dedrick Lemont Hickey's action pursuant to 42 U.S.C. § 1983. Doc. No. 1. Mr. Hickey, appearing before the Court *pro se* and *in forma pauperis* (IFP), has filed a Motion for Summary Judgment [Doc. Nos. 43, 45, 46].[1] United States Magistrate Judge Gary M. Purcell entered a Supplemental Report and Recommendation in which he reasons the Court should deny Plaintiff's motion and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Doc. No. 59. Mr. Hickey has timely filed his objection, and the matter is ripe for adjudication. On *de novo* review, for the reasons set forth below, the Court ADOPTS the Supplemental Report and Recommendation, DENIES Plaintiff's motion for summary judgment, and DISMISSES his action.

Plaintiff's claims focus on the allegedly wrongful confiscation of his property while he was incarcerated in the Oklahoma County Detention Center (OCDC). *Id.* at 2. On November 8, 2020, jail staff decided to move Mr. Hickey from the general population to

---

[1] These documents are all essentially identical motions for summary judgment. Therefore, the Court solely references Plaintiff's November 29, 2021, filing, Doc. No. 43, hereafter.

the segregated housing unit (SHU). During the cell transfer, OCDC Detention Officer Christopher Rosales threw away two bags containing much of Plaintiff's non-contraband property. Doc. No. 22 at 4. Mr. Hickey subsequently filed the instant § 1983 action.

Judge Purcell recommends the Court deny Plaintiff's motion for summary judgement and dismiss his case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Doc. No. 59 at 1. He reasons Mr. Hickey's arguments are best construed as a First Amendment interference with access to the courts claim, an Eighth Amendment cruel and unusual punishment claim, and a Fourteenth Amendment due process claim. *Id*. at 6–9. Judge Purcell recommends the Court find that Plaintiff has failed to properly plead a claim under any of these theories. *Id*. He alternatively recommends the Court dismiss Plaintiff's claims because the current Defendants are not the proper parties, and Mr. Hickey has failed to join the proper defendant despite adequate time to do so. *Id*. at 12–16.

Plaintiff objects on three grounds. First, he argues that the Oklahoma County Criminal Justice Authority (Jail Trust) is a proper party. Doc. No. 64 at 1–2. Second, he disputes that jail has compensated him for his lost property, and he also contends Detention Officer Rosales acted intentionally when he discarded Plaintiff's personal items. *Id*. at 3–4. Finally, Mr. Hickey argues that he did not have the ability to join the proper party because he could not find out which jail employees had disposed of his personal property. *Id*. at 4. The Court addresses each of these objections in turn.

Judge Purcell did not address Plaintiff's claims against the Jail Trust. Therefore, the Court will utilize its screening function for IFP cases found in § 1915(e)(2)(ii). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the

2

plaintiff cannot prevail on the facts he has alleged[.]" *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.2001) (internal quotation omitted). "In determining whether a dismissal is proper, [the Court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

The Court applies the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that it employs for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (holding the standard of review for Rule 12(b)(6) and § 1915(e)(2)(B)(ii) dismissals are the same). In the Rule 12(b)(6) context, the Court looks for plausibility in the complaint. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Specifically, the undersigned "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1215 n. 2. "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "In addition, [the Court] must construe a *pro se* . . . complaint liberally." *Gaines*, 292 F.3d at 1224. This liberal treatment is not without limits, and "[the Tenth Circuit] has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

Under Oklahoma law, a public trust such as the Jail Trust is a distinct legal entity, and its activities and obligations are determined by the written instrument under which it was created. *See* Okla. Stat. tit. 60, § 176 *et seq*. Plaintiff is correct that the Jail Trust is the

ultimate operator of the OCDC. *See* Trust Indenture Creating the Criminal Justice Authority.[2] However, in his complaint, Plaintiff does not provide any factual allegations that demonstrate the Jail Trust was responsible for the alleged violation of his constitutional rights, and therefore the Court must dismiss his action pursuant to § 1915(e)(2)(B)(ii).

Section 1983 does not authorize *respondeat superior* liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Consequently, Plaintiff must allege a factual basis for the Jail Trust's liability to state a claim pursuant to § 1983. *Id*. To do so, Mr. Hickey must plausibly plead that "the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1189 (10th Cir. 2003) (quoting *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001)).

There are five ways to establish an official policy or custom sufficient to impose § 1983 liability on a municipal jail trust: (1) actions of the municipal legislative body; (2) policies of the board pursuant to authority delegated by the legislative body; (3) actions by those with final decision-making authority; (4) policies of inadequate training or supervision; and (5) custom. *Smith v. Rogers Cty. Crim. Just. Auth.*, No. 05-CV-0138-CVE-SAJ, 2005 WL 3298981, at *4 (N.D. Okla. Dec. 5, 2005). Here, the Complaint does not identify any act or omission by the Trustees acting on behalf of the Jail Trust, or any policy or practice of the Jail Trust itself, that was the "moving force" behind Plaintiff's

---

[2] Available at https://oklahomacounty.legistar.com/View.ashx?M=F&ID=7851278&GUID=49D79318-CAD9-420C-A136-6E6CED8A80C9 (last accessed March 24, 2022).

alleged unconstitutional treatment. *See Monell*, 436 U.S. at 694; *Board of County Comm'rs v. Brown*, 520 U.S. 397, 409 (1997). Accordingly, the Court finds that Mr. Hickey has failed to state a claim against the Jail Trust and dismisses his claim pursuant to § 1915(e)(2)(B)(ii).

Plaintiff's next claims that the OCDC never replaced his personal property and that Detention Officer Rosales acted with intent when he discarded Plaintiff's personal items. Mr. Hickey seems to have formulated this claim as a Fourteenth Amendment due process claim. Judge Purcell recommended that the Court dismiss this claim pursuant to § 1915(e)(2)(B)(ii) because Defendants' internal investigation found Plaintiff's property was discarded in error and that Mr. Hickey did not dispute this finding. Doc. No. 59 at 9–13. He based his reasoning on the Supreme Court's and Tenth Circuit's repeated holdings that, in the prisoner context, property deprived through negligence was not a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335–36 (1986) (holding that a prison officer's negligent conduct does not deprive an individual of property under the Fourteenth Amendment); *see also McKinney v. Revell*, 364 F. App'x 430 (10th Cir. 2010) (holding that a prison which negligently lost a prisoner's property when he was moved from general population to the SHU had not unconstitutionally deprived the prisoner of his property).

Judge Purcell relied on the Defendants' contention that they had merely acted negligently in disposing of Plaintiff's property. However, Mr. Hickey disputes this characterization. Assuming Mr. Hickey is correct that Detention Officer Rosales acted with some form of intent when he disposed of his property, Plaintiff has still failed to state a claim pursuant to § 1915(e)(2)(B)(ii). In the Supplemental Report and Recommendation,

Judge Purcell alternatively reasoned that Mr. Hickey had failed to join the proper party—
Detention Officer Rosales. Doc. No. 59 at 13. He first recommended the Court find the
OCDC is not amenable to suit because it is merely a subdivision of Oklahoma County.
Doc. No. 59 at 12–13 (Citing *White v. Utah*, No. 00-4109, 2001 WL 201980 at *1 (10th
Cir. March 1, 2001)). Judge Purcell further reasoned that none of the individually named
Defendants personally participated in the alleged constitutional rights violation. *Id*. at 13–
16 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1227–28 (10th Cir. 2006) (upholding
dismissal of a § 1983 action because the complaint did not indicate personal participation
by the individually named defendants)).

Mr. Hickey has not made any arguments as to why the OCDC is amenable to suit,
nor has he made any arguments as to why the individually named Defendants should
remain in the suit without having personally participated in the events that resulted in the
alleged due process violation. Consequently, the Court will adopt Judge Purcell's reasoning
and dismiss Plaintiff's claims against the OCDC and individually named Defendants.

In his third argument, Plaintiff addresses the reason he failed to join the proper party.
Doc. No. 64 at 4. He claims jail staff attempted to hide the identity of the proper defendant,
and thus he chose to name the parties he believed were liable for his alleged harm. *Id*.
However, Mr. Hickey has had a copy of the Special Report [Doc. No. 22], which informed
him of Detention Officer Rosales' identity, since shortly after July 27, 2021. Doc. Nos. 28,
29. Plaintiff, despite having the report, has failed to amend his complaint in the
approximately eight months since. Accordingly, the Court adopts Judge Purcell's
reasoning and dismisses his § 1983 claims.

For the reasons state above, the Court ADOPTS the Supplemental Report and Recommendation. Doc. No. 59. Plaintiff Hickey's action pursuant to 42 U.S.C. § 1983 is DISMISSED.

IT IS SO ORDERED this 29th day of March 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE